[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15655
Non-Argument Calendar
_____

D. C. Docket No. 05-00185-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 30, 2007)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

David King appeals his convictions for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g), and for possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1).[1] King raises four issues on appeal, which we address in turn.

## I.

King asserts the district court erred in denying his motion to suppress evidence seized during a search of his hotel room.[2] The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV.

King challenges the issuance of the search warrant on the exclusive ground that the affidavit did not demonstrate the informant's (Source 1's) basis of knowledge and veracity. The informant's veracity and basis of knowledge are "relevant considerations in the totality of the circumstances," and "a deficiency in

---

[1] King was also charged with, but acquitted of, one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

[2] King does not challenge on appeal any issue with respect to the search of his vehicle, or to the confiscation of cocaine seized therein. Therefore, we conclude King has waived any issue with respect to that aspect of the search. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573, n.6 (11th Cir. 1989) (holding issues not argued on appeal are deemed waived, and a passing reference to an issue in a brief is not sufficient to raise that issue).

one may be compensated for . . . by a strong showing as to the other." *United States v. Brundidge*, 170 F.3d 1350, 1353 (11th Cir. 1999) (quotations omitted). "An explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles [the CI's] tip to greater weight than might otherwise be the case." *Id.* (quotations omitted).

The search warrant affidavit established that Source 1's basis of knowledge was good: Source 1 explained that he or she personally observed drugs, a "gold" gun, and money in King's hotel room during a routine cleaning of the room. This detailed description of wrongdoing, coupled with Source 1's statement indicating that he or she observed this contraband firsthand, entitled his or her tip to deference. *See id.* Also, Source 1's veracity is satisfactory in light of the search warrant affidavit. The level of detail provided by Source 1 about the drugs, firearm, and money meant that he or she "was unlikely to lie, because if the warrant issued, lies would likely be discovered in short order and favors falsely curried would dissipate rapidly." *See id.* at 1353-54 (quotations omitted). Additionally, Source 1's basis of knowledge may have compensated for any weakness in his or her veracity. *See id.* at 1353 ("The CI's basis of knowledge made up for any weaknesses in the CI's veracity").

3

Moreover, in addition to discussing Source 1's tip, the search warrant affidavit also described King's "security conscious behavior" that was observed during police surveillance of the hotel, as well as the fact he was seen using a hand signal to gain entry to the hotel room, he was renting the room under a false name, and the manager observed individuals loitering around his hotel room adjust a surveillance camera to avoid being seen. Under these circumstances, when viewed collectively, probable cause existed for the issuance of the search warrant for King's hotel room. *See id.* at 1352 ("Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location."). Therefore, we conclude the district court did not err in denying the motion to suppress. *See United States v. Tamari*, 454 F.3d 1259, 1261 (11th Cir. 2006) (stating a defendant's motion to suppress is reviewed under a mixed standard of review, reviewing for clear error the district court's findings of fact and *de novo* its application of law to those facts).

## II.

King also contends the district court abused its discretion in refusing to sever the count of possession of a firearm by a convicted felon from the other charges in the superceding indictment. Separate trials of counts are permitted "[i]f the joinder

4

of offenses . . . in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a)

In *United States v. Bennett*, 368 F.3d 1343, 1351 (11th Cir. 2004), *vacated on other grounds*, 125 S. Ct. 1044 (2005), we determined a defendant could not prove he was prejudiced as a result of a district court denying his motion to sever, where "the jury did not hear any details about the prior bad act" because the parties stipulated that the defendant was a convicted felon, and the district court instructed the jury it was to consider the fact the defendant was a convicted felon "only as to the charge in [that] count of the indictment . . . [and] not . . . in determining the guilt or innocence of the defendant in the other counts of the indictment."

The parties stipulated King was a convicted felon and the firearm recovered during the search of his hotel room was shipped and transported in or affected interstate commerce. The district court expressly instructed the jury these facts could be considered only insofar as it related to the elements of the charge of possession of a firearm by a convicted felon, and were to be disregarded in determining the guilt or innocence of the other counts of the superceding indictment. Accordingly, as in *Bennett*, the district court did not abuse its discretion in refusing to sever the counts in this case. *See id.* (stating the district court's denial of a motion to sever is reviewed for abuse of discretion).

5

**III.**

King next asserts the district court erred in denying his motion for acquittal on both his possession with intent to distribute cocaine and possession of a firearm by a convicted felon counts.

A. *Possession with intent to distribute cocaine*

To convict a defendant of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt that (1) he or she knowingly (2) possessed cocaine and (3) intended to distribute it. *United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000). When the evidence and testimony at trial are viewed in a light most favorable to the Government, we conclude that a reasonable jury could have found beyond a reasonable doubt that King possessed cocaine and intended to distribute it. *See United States v. Anderson*, 326 F.3d 1319, 1326 (11th Cir. 2003) (stating we review *de novo* the denial of a motion for acquittal based on sufficiency of the evidence); *United States v. Grigsby*, 111 F.3d 806, 833 (11th Cir. 1997) ("In deciding a Rule 29 motion for judgment of acquittal, a district court must determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor

6

of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.").

With respect to the first two elements of the offense, knowing possession of cocaine, the Government presented the testimony of Agent Halford, who explained that agents discovered two rocks of cocaine in the cup holder of the rental car in which King was observed driving, and the vehicle had been rented through the company for which King worked. Moreover, Agent Harley's testimony that King walked to this vehicle on numerous occasions and deactivated and reactivated his alarm, and opened the passenger door, demonstrated King retained control over the vehicle at all times immediately prior to the search. Also, there was no evidence to suggest anyone else had a key to the vehicle, or anyone else drove the vehicle between the time the agents observed King parking it in the hotel's parking lot and the search of the vehicle, when the cocaine was recovered. In discussing actual possession, we have concluded a driver of a vehicle in which cocaine was hidden had "personal dominion over the cocaine, and therefore actual possession." *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998). By contrast, "[c]onstructive possession exists when a defendant has ownership, dominion, or control over [contraband] or dominion or control over the premises or the vehicle in which the [contraband] is located." *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th

7

Cir. 2005). A juror, hearing all of this testimony, reasonably may have concluded King had actual possession, or at the very least, constructive possession of the cocaine.

With respect to the final element of the offense, intent to distribute, we also conclude the Government presented circumstantial evidence which, if believed by a juror, would support such a finding. Specifically, Agent Harley testified King appeared "nervous" before and after he "made contact" with the drivers of three or four automobiles at different times on one night. Agent Harley further testified he witnessed a hand-to-hand exchange between King and the driver one of the vehicles, a white Honda, which he believed to be a drug transaction, although he could not be certain of that. Importantly, Agent McCullough stated he discovered "real[ly] small ziplock-type bags" during the search of King's hotel room, which were "normally used by persons [who] [were] involved in drug activity."

Further, the Government elicited testimony that: (1) King rented the hotel room under a false name, which was a common practice for drug dealers; (2) the agents did not recover any smoking devices, crack pipes, spoons, needles, or any other paraphernalia during the search of King's hotel room or vehicle to suggest the cocaine was being used for personal consumption; and (3) even though the

8

officers did not recover any scales from the hotel room, an individual did not need scales to sell cocaine.

In light of this testimony, and the evidence that Source 1 observed drugs in King's hotel room, a narcotics trained canine alerted to the odor of drugs around the night stand and in the bathroom of King's room, and crack cocaine sold for $20 a rock and King was carrying approximately $300 in cash at the time of his arrest,[3] as well as the fact King observed the police mistakenly raid the hotel room next to his before realizing their mistake, was alone in the hotel room while the agents secured another search warrant for his hotel room, and had "flooded" the room with bleach at some point, there was sufficient evidence for a reasonable juror to convict on the count of possession with intent to distribute cocaine.[4] *See Alvarez-Sanchez*, 774 F.2d at 1039 ("The evidence may be sufficient though it does not 'exclude every reasonable hypothesis of innocence or [is not] wholly

---

[3] Although King's defense was that he earned the $300 doing legitimate work, the jury was "free to choose among reasonable constructions of the evidence." *See United States v. Alvarez-Sanchez*, 774 F.2d 1036, 1039 (11th Cir. 1985). Thus, the jury could have reasonably concluded King obtained the money through drug deals, given the other evidence presented at trial.

[4] As King points out on appeal, one of his witnesses testified she was the driver of the automobile that made the hand-to-hand exchange with King, and the exchange involved a pack of cigarettes and not drugs. Nevertheless, the jury may have afforded greater deference to Agent Harley's testimony that he believed that a drug transaction took place.

inconsistent with every conclusion except that of guilty . . . .'") (quotations omitted).

B. *Possession of a firearm by a convicted felon*

To convict a defendant of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), the government must prove beyond a reasonable doubt that (1) the defendant was a felon; (2) the defendant knew he was in possession of the firearm; and (3) the firearm was in or affected interstate commerce. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004).

Viewing the evidence most favorably to the Government, a juror reasonably may have found beyond a reasonable doubt that King possessed a firearm that was discovered in the box spring of his bed.[5] *See Anderson*, 326 F.3d at 1326; *Grigsby*, 111 F.3d at 833. The parties stipulated King was a convicted felon and the firearm was in or affected interstate commerce. Thus, the Government was required only to prove the third element at trial, that King knew he was in possession of the firearm.

---

[5] This is true even if the jury's acquittal on the count of possession of a firearm in furtherance of a drug trafficking crime was inconsistent with this verdict. *See Reynolds v. McInnes*, 338 F.3d 1221, 1230-31 (11th Cir. 2003) ("Where a defendant logically is either guilty of both counts in an indictment or not guilty of either, but the judge or jury acquits on one and convicts on the other, the defendant is not entitled to have the conviction set aside simply because the verdict is inconsistent").

As to that element, the Government presented evidence showing King rented his hotel room both under his real name and the false name of "Jason Smith" for 23 days in 2004, from November 16 through December 8, 2004. There was no evidence at trial to suggest that anyone other than the maids had a key, or access, to the hotel room during that period. Thus, King had, at the very least, shared constructive possession of the room in which the firearm was discovered. *See United States v. Molina*, 443 F.3d 824, 829 (11th Cir. 2006) ("[A] person who owns or exercises dominion and control over a . . . residence in which contraband is concealed may be deemed to be in constructive possession of the contraband . . . ."); *United States v. Brunty*, 701 F.2d 1375, 1382 (11th Cir. 1983) ("Constructive possession may be shared with others.").

Moreover, the Government presented testimony that Source 1 informed the police he or she observed a gun in King's hotel room, and the search warrant was based, in part, on this information. Although the search warrant affidavit indicated Source 1 informed the police the gun was "gold," and the firearm recovered during the search of King's hotel room was black, this discrepancy was never mentioned to the jury. Accordingly, the jury only heard a gun was observed in the hotel room before the search, and a gun was recovered during the search of the hotel room. Thus, a reasonable juror may have believed the firearm belonged to King.

11

Also, given the time delay between King observing the police search the wrong room and the police securing a search warrant for his room, and the circumstances surrounding the bleach all over the floor of his hotel room, a juror may have reasonably believed King attempted to cover up his wrongdoings, including hiding the firearm in the box spring of the bed.

## IV.

King's final argument is that the district court abused its discretion in denying his motion for a new trial. "[T]here are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence, which must be filed within three years of the verdict pursuant to Rule 33(b)(1); and the other based on any other reason, typically the interest of justice, which must be filed within seven days of the verdict, pursuant to Rule 33(b)(2)." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006).

We conclude that the district court did not abuse its discretion in denying King's motion for a new trial, because he does not cite to any newly discovered evidence, and there is no other reason to support a new trial. *See id.* (stating we review for abuse of discretion a district court's denial of a motion for new trial).

Accordingly, for the foregoing reasons, we affirm King's convictions for possession with intent to distribute cocaine and possession of a firearm by a convicted felon.

**AFFIRMED.**